```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHRISTOPHER JACKSON,                           :
                    Plaintiff,                 :
                                               :
v.                                             :         OPINION AND ORDER
                                               :
ANTHONY ANNUCCI, ROBERT MORTON,                :         19 CV 2013 (VB)
SGT. PACHANCO, C.O. HARRIS, and C.O.           :
THOM,                                          :
                    Defendants.                :
--------------------------------------------------------------x
```

Briccetti, J.:

  Plaintiff Christopher Jackson, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against defendants Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision; Robert Morton, Downstate Correctional Facility Superintendent; and Downstate Sergeant ("Sgt.") Pachanco, Correction Officer ("C.O.") Harris, and C.O. Thom.[1]  Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights.

  Now pending is defendants' partial motion to dismiss the complaint pursuant to Rule 12(b)(6).  (Doc. #17).[2]

  For the following reasons, the motion is GRANTED.

---

[1]  C.O. Harris and C.O. Thom were not named as defendants in the caption of the complaint but were added as named defendants by the Court's April 30, 2019, Order of Service.  (Doc. #6).

[2]  Defendants Sgt. Pachanco, C.O. Harris, and C.O. Thom have not moved to dismiss plaintiff's excessive force claim and have indicated they plan to file an answer to address the excessive force allegations once the partial motion to dismiss is decided.  (Doc. # 18 ("Defs. Mem.") at 1, n.1).

1

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[3]

**BACKGROUND**

For the purpose of ruling on the partial motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

At all times relevant to the complaint, plaintiff was confined at Downstate.

I.  Release from Downstate

Plaintiff alleges that on September 18, 2018, he received a Time Computation Sheet ("TCS") stating he would be released on March 22, 2019, instead of on his original release date, November 30, 2018.

Plaintiff alleges he then wrote to "SORC Knapp, IRC [the inmate records coordinator], and parole" to inform them of "this error." (Doc. #2 ("Compl.") at ECF 5).[4] Plaintiff alleges he did not receive a response. He asserts he wrote to defendant Annucci and senior parole officer Jill Horne two weeks later. Plaintiff further alleges that on October 3, 2018, he wrote to Inmate Grievance "stating [his] concern and the steps [he] took." (Id.). The Inmate Grievance Resolution Committee ("IGRC") "Clerk and Civilian" told plaintiff the issue was non-grievable. (Id.). Plaintiff claims that on October 11, 2018, another prison official, McGuinness, told plaintiff he should write another grievance. Upon filing another grievance, plaintiff received a grievance number.

---

[3] To the extent defendants argue the complaint should be dismissed for lack of subject matter jurisdiction based on their sole reference to Rule 12(b)(1) in their memorandum of law (Defs. Mem. at 1), that argument lacks merit, and in any event, has not been briefed.

[4] "Compl. at ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system, which will be used herein.

2

Plaintiff alleges that on October 31, 2018, he submitted a habeas corpus petition for immediate release and had a court appearance in the habeas proceeding on December 19, 2018. Plaintiff was released on December 28, 2018, twenty-eight days after his original release date.

II.     October 19, 2018 Incident

Plaintiff also alleges that on October 19, 2018, he was attempting to get law library assistance and had an anxiety attack. He claims he started yelling. According to plaintiff, Sgt. Pachanco, C.O. Harris, and C.O. Thom entered his cell and hit him with sticks, stomped on him, and pepper sprayed him. He claims defendants fractured his knuckle and injured his lower back. He alleges his body was burned from being pepper sprayed. Plaintiff further alleges he did not receive proper medical treatment to his hand and back following his injuries.

**DISCUSSION**

I.      Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[5] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

---

5     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     False Imprisonment Claim

Defendants argue plaintiff fails to allege either an Eighth Amendment or a Fourteenth Amendment claim for prolonged incarceration.

The Court agrees.

A.      Eighth Amendment

To state an Eighth Amendment claim based on prolonged incarceration, plaintiff must allege "defendants were deliberately indifferent to his" prolonged incarceration. Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993).

4

To state an Eighth Amendment claim for deliberate indifference, plaintiff's allegations must satisfy a two-prong test. First, plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation. Second, plaintiff must plausibly allege the defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Courts in this circuit have found short extensions of release dates from prison are insufficient to violate the Eighth Amendment. Indeed, courts have held that extensions of days rather than months do not allege "a harm of magnitude" sufficient to allege a constitutional violation. See Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d at 654 ("the five-day extension of [plaintiff's] release date did not inflict a harm of a magnitude that violates a person's eighth amendment rights"); Hayes v. Annucci, 2016 WL 1746109, at *5 (S.D.N.Y. April 29, 2016) (seventeen days of prolonged incarceration was not "sufficiently serious to sustain a constitutional claim") [6]; cf. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989) (plaintiff's detention for nine months beyond the expiration of his sentence gave rise to an Eighth Amendment violation).

Here, plaintiff's alleged incarceration for twenty-eight days beyond the expiration of his sentence does not constitute a serious constitutional deprivation.

Accordingly, plaintiff's false imprisonment claim arising under the Eighth Amendment must be dismissed.

B.  Fourteenth Amendment

To allege a violation of plaintiff's substantive due process rights under the Fourteenth Amendment, plaintiff must plead "(1) that he possessed a liberty interest and (2) that the

---

[6]  Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001).

A plaintiff may satisfy the first prong of the substantive due process analysis by alleging a liberty interest "in being released upon the expiration of his maximum term of imprisonment." Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d at 653. Here, plaintiff has made such an allegation.

A plaintiff may satisfy the second prong by alleging the defendants were involved in the deprivation. It is well settled in the Second Circuit that "to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). In other words, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The fact that an individual occupies a high position in the prison hierarchy is insufficient to sustain a Section 1983 violation. Colon v. Coughlin, 58 F.3d 865, 873–874 (2d Cir. 1995). Moreover, "[a] supervisor defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon] is insufficient to establish personal involvement." Constant v. Prack, 2019 WL 3287818, at *10 (S.D.N.Y. July 19, 2019).

Here, plaintiff fails to allege the named defendants' personal involvement in the deprivation of due process. The complaint contains no allegations tying defendants to plaintiff's allegedly prolonged incarceration. The only allegation relating to any named defendant with respect to plaintiff's prolonged incarceration claim is that plaintiff states he wrote to defendant Annucci. However, plaintiff provides no detail of what he wrote to Annucci or if Annucci took

6

any action to impede his timely release.  Such an allegation is insufficient to plead personal involvement.

Accordingly, plaintiff's substantive due process claim for prolonged incarceration must be dismissed.

III.     Inadequate Medical Care Claim

The court liberally construes plaintiff's complaint to allege a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Such claim, however, also fails.

To state a claim for constitutionally inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This test has an objective prong and a mens rea prong:  a plaintiff must plausibly allege (i) a "sufficiently serious" inadequacy of medical care, and (ii) the officials in question acted with a "sufficiently culpable state of mind."  Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective prong has two subparts.  First, a plaintiff must adequately plead he "was actually deprived of adequate medical care." Salahuddin v. Goord, 467 F.3d at 279.  Because "the prison official's duty is only to provide reasonable care," prison officials violate the Eighth Amendment only if they fail "'to take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).  Second, a plaintiff must plausibly allege "the inadequacy in medical care is sufficiently serious." Id. at 280.  Courts assess this by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id.  If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether

7

the inmate's medical condition is sufficiently serious." Id. But if the offending conduct is the "medical treatment given, the seriousness inquiry is narrower." Id.

The mens rea prong requires the plaintiff to allege plausibly "the official acted with deliberate indifference to inmate health." Salahuddin v. Goord, 467 F.3d at 280. Mere negligence does not give rise to an Eighth Amendment violation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106. In other words, medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

Here, the complaint merely alleges plaintiff "did not receive proper medical treatment." (Compl. at ECF 6). That allegation is entirely conclusory and insufficient to satisfy either prong of an Eighth Amendment deliberate indifference to serious medical needs claim. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)

Accordingly, plaintiff's inadequate medical care claim must be dismissed.

IV.     Grievance Process Claim

The Court also liberally construes plaintiff's complaint to allege a violation of his due process rights with respect to the grievance process. Such claim, however, must be dismissed because the Constitution does not guarantee access to an inmate grievance system.

"[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001). "Indeed, any claim that plaintiff[] [was] deprived

8

of [his] right to petition the government for redress is belied by the fact of [his] bringing this lawsuit." Alvarado v. Westchester County, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014).

Accordingly, to the extent plaintiff alleges defendants violated his due process rights for an insufficient grievance procedure, such claim is dismissed.

V.      Fourth Amendment Claim

Defendants argue plaintiff does not state a claim based on the Fourth Amendment, and the claim should be dismissed.

The Court agrees.

The Fourth Amendment protects the privacy interests of pre-conviction detainees. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) (holding "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell"). Here, the Court discerns no plausible factual basis for a Fourth Amendment claim.

Accordingly, plaintiff's Fourth Amendment claim must be dismissed.

## CONCLUSION

The partial motion to dismiss is GRANTED. (Doc. #17).

By March 9, 2020, Defendants Sgt. Pachanco, C.O. Harris, and C.O. Thom shall file an answer to plaintiff's complaint as to the excessive force claim.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #17) and terminate defendants Anthony Annucci and Robert Morton from this case.

Dated: February 24, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge